IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ESTATE OF AMELIA H. MACIAS, WALTER MACIAS, STEVEN MACIAS, YVONNE SHILLING, INDIVIDUALLY AND AS A REPRESENTATIVE OF THE ESTATE OF AMELIA H. MACIAS; | § § § § § § | SA-20-CV-00460-FB |
| *Plaintiffs,* | § § | |
| vs. | § § | |
| TEXAS DEPARTMENT OF PUBLIC SAFETY, VERONICA GIDEON, TEXAS DPS OFFICER, INDIVIDUALLY; ELIAS ESCALON, TEXAS DPS OFFICER, INDIVIDUALLY; NATHAN MUTZ, TEXAS DPS OFFICER, INDIVIDUALLY; DREW PILKINGTON, TEXAS DPS OFFICER, INDIVIDUALLY;  TEXAS DEPARTMENT OF ADULT PROTECTIVE SERVICES, BRANDI WEIMER, ADULT PROTECTIVE SERVICES AGENT, INDIVIDUALLY; HENRY L. WHITMANJR., COMMISSIOER OF ADULT PROTECTIVE SERVICES; JOSEPH EVANS, TEXAS DPS OFFICER, INDIVIDUALLY; JASON BOBO, TEXAS DPS OFFICER, INDIVIDUALLY; BRENT BARINA, TEXAS DPS OFFICER, INDIVIDUALLY; CHAD MATLOCK, TEXAS DPS OFFICER; CODY MITCHELL, TEXAS DPS OFFICER, INDIVIDUALLY; MICHAEL J. SMITH, TEXAS DPS OFFICER; STEVEN MCCRAW, DIRECTOR OF TEXAS DEPARTMENT OF PUBLIC SAFETY; CRYSTALYNN NICHOLE CORNEVIN, ADULT PROTECTIVE SERVICES AGENT;  STATE OF TEXAS, KEZELI WOLD, &QUOT;KEZ&QUOT; DIRECTOR OF TEXAS DEPARTMENT OF FAMILY SERVICES; AND DEPARTMENT OF FAMILY PROTECTIVE SERVICES, | § § § § § | |
| *Defendants.* | | |

1

**ORDER**

Before the Court is the above-styled cause of action, in which counsel for Plaintiffs and all served Defendants appeared for a telephonic status conference on July 29, 2020.  At the conference, Plaintiffs requested additional time to respond to the most recently filed motion to dismiss by the Department of Family Protective Services and associated individual Defendants [#26].  The Court agreed to give Plaintiffs ten days to file their response and seven days for Defendants to file any reply.

The Court also addressed the issue of the unserved individual Defendants in this case.  The Court's previous Order following its last status conference [#20] ordered Plaintiffs to effectuate service on any named but yet unserved Defendants within 14 days of the filing of Plaintiffs' Second Amended Pleading and to serve any new Defendants named in the Second Amended Complaint within 90 days of the filing of the pleading.  Plaintiffs filed their Second Amended Complaint on July 13, 2020, meaning any unserved Defendants that were named in previous pleadings should have been served by July 27, 2020.  Yet Plaintiffs explained at the status conference that no Defendant has been served since the last conference, in part due to Plaintiffs' process server having COVID-19.

Rule 4(m) requires service of process within 90 days after a complaint is filed.  Fed. R. Civ. P. 4(m).  Numerous individual Defendants remain unserved.  The Court specified that service was to occur by July 27, 2020, and service has still not been completed.  If a plaintiff fails to serve process within the time specified by the Court, the Court must either dismiss the action without prejudice against that defendant or order that service be made within a specified time.  *Id.*  If there is good cause for the failure to serve, the Court "must extend the time for an appropriate period."  The illness of Plaintiffs' process server constitutes good cause, and the

Court will extend the time for service pursuant to Rule 4(m). However, there will be no further extensions of the time for service beyond that set forth in this Order. A failure to effectuate service in compliance with this Order will result in the dismissal of the unserved Defendants without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiffs may respond to Defendants' Motion to Dismiss [#26] on or before **August 10, 2020**. Any reply is due within seven days of the response.

**IT IS FURTHER ORDERED** that Plaintiffs serve any unserved Defendants named in the Second Amended Complaint on or before **August 30, 2020**.

SIGNED this 30th day of July, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE